UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNION PACIFIC RAILROAD COMPANY,

Plaintiff,

v.

SOUTH / WIN LTD.,

Defendants.

Case No. 3:17-cv-0456-LRH-(VPC)

ORDER

Before the court is plaintiff Union Pacific Railroad Company's ("Union Pacific") motion for default judgment. ECF No. 16.

**I.  Facts and Procedural History**

Between 2014 and 2017, Union Pacific moved railcars for defendant South / Win Ltd. ("South") and incurred tariff, demurrage, and freight charges on South's behalf for which South was allegedly liable under certain agreements between the parties.

On July 31, 2017, Union Pacific filed a complaint against South alleging two causes of action: (1) unpaid demurrage charges; and (2) unpaid freight charges. ECF No. 1. On August 1, 2017, Union Pacific filed an amended complaint. ECF No. 4. Defendant South did not file an answer to the complaint after being properly served. *See* ECF No. 7. Subsequently, Union Pacific obtained a clerk's entry of default against defendant. ECF No. 15. Thereafter, Union Pacific filed the present motion for default judgment. ECF No. 16.

///

## II. Discussion

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after the clerk of court enters default, a party must seek entry of default judgment from the court under Rule 55(b). FED. R. CIV. P. 55(b).

Upon entry of a clerk's default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, Union Pacific will be severely prejudiced if a default judgment is not entered because South has shown an unwillingness to appear. Second, Union Pacific's claims are sufficiently pled and supports its requested relief of monetary damages. Third, the relief requested is directly related to the underlying demurrage and freight charges. Fourth, there is no excusable neglect for South's failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel*

considerations and the fact that South's unwillingness to participate in this action precludes resolution on the merits.

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that plaintiff Union Pacific Railroad Company shall have ten (10) days after entry of this order to prepare an appropriate judgment against defendant South / Win Ltd. and submit the same for approval and signature.

DATED this 8th day of December, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE